UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DAVID HORWATH,** :<br><br>      Plaintiff, :<br><br>v. :<br><br>**DHD WINDOWS AND DOORS, LLC<br>D/B/A PELLA WINDOWS AND<br>DOORS,** :<br><br>      Defendant. : | Civil Action No.:<br><br>AUGUST 21, 2018 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant DHD Windows and Doors, LLC d/b/a Pella Windows and Doors, files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1441, and 1446. The defendant removes this action, entitled *David Horwath v. DHD Windows and Doors, LLC*, UWY-CV18-6042410 (the "Superior Court Action")[1], from the Superior Court of the State of Connecticut, Judicial District of Waterbury at Waterbury to the United States District Court for the District of Connecticut. As its reasons for removal, the defendant states:

1.  By Summons and Complaint, the plaintiff, David Horwath, commenced a civil action against the defendant in the Connecticut Superior Court captioned *David Horwath v. DHD Windows and Doors, LLC d/b/a Pella Windows and Doors*, UWY-CV18-6042410-S, with a return date of August 14, 2018.

2.  A true and correct copy of the Summons and Complaint served by the plaintiff on the defendant is attached hereto as Exhibit A. This exhibit constitutes all process, pleadings and

---

[1] The plaintiff also inadvertently filed the same writ, summons and complaint with the court after filing the initial writ, summons and complaint. This second case was entitled *David Horwath v. DHD Windows and Doors, LLC*, UWY-CV18-6042483. The plaintiff has represented that he intends to withdraw this second complaint after obtaining a refund of the filing fee.

orders served upon the defendant in this action to the present date. 28 U.S.C. § 1446(a).

3. This Notice of Removal is being filed within 30 days of the date on which the defendant received a copy of the Complaint in the Superior Court Action.

4. This Court has "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the plaintiff has asserted a claim pursuant to the Americans with Disabilities Act, 42 U.SC. 12101 et seq. and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. Accordingly, the Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

5. This Notice of Removal is being filed in the United States District Court for the District of Connecticut, where the Superior Court Action is pending. 28 U.S.C. §§ 1441 and 1446(a).

6. Attached hereto as Exhibit B is a copy of the Notice to Superior Court, Judicial District of Waterbury at Waterbury, of Filing of Notice of Removal, the original of which is being filed with the Superior Court. 28 U.S.C. § 1446(d).

7. By filing this Notice of Removal, the defendant does not waive any defenses available to it at law, in equity or otherwise, or concedes that the plaintiff has pled claims upon which relief may be granted.

WHEREFORE, the defendant respectfully requests that this Action be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

Dated at New Haven, Connecticut on this 21st day of August, 2018.

          **THE DEFENDANT**
**DHD WINDOWS AND DOORS, LLC**
**D/B/A PELLA WINDOWS AND DOORS**

*/s/ Maura A. Mastrony*
Craig T. Dickinson (ct18053)
Maura A. Mastrony (ct27787)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street
Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
cdickinson@littler.com
mmastrony@littler.com

**Counsel for Defendant**

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 300 Grand Street, Waterbury, CT 06702 | ( 203 ) 591-3300 | August 14, 2018 |

| ☒ Judicial District  ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Waterbury | Case type code (See list on page 2) Major: T  Minor: 90 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Kernan, Scully & McDonald, LLP, 207 Bank Street, 4th Floor, P.O. Box 2156, Waterbury, CT 06702 | 030960 |

| Telephone number (with area code) ( 203 ) 756-8961 | Signature of Plaintiff (If self-represented) |
|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) dscully@ksmlegal.com |
|---|---|---|

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Horwath, David  Address: 298 Lakemere Drive, Southbury, CT 06488 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: DHD Windows and Doors LLC d/b/a Pella Windows and Doors 220 Monroe Turnpike, Monroe, CT 06484  Address: c/o Agent for Service: CT Secretary of State, 30 Trinity Street, Hartford, CT 06106 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left David J. Scully, Esq. | Date signed 07/09/2018 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.  b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.  c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.  d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

### Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Summary Process actions
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

| | |
|---|---|
| RETURN DATE: AUGUST 14, 2018 | : SUPERIOR COURT |
| DAVID HORWATH | : J.D. WATERBURY |
| VS. | : AT WATERBURY |
| DHD WINDOWS AND DOORS LLC D/B/A PELLA WINDOWS AND DOORS | : JULY 10, 2018 |

## COMPLAINT

**COUNT ONE (Violation of C.G.S.§ 46a-60(a)(1) and 42 U.S.C. 12101 et seq al 29 USC §621-634)**

1. At all times relevant hereto, the plaintiff, David Horwath resided at 298 Lakemere Drive, Southbury, CT 06488.

2. At all relevant time hereto, the defendant, DHD Windows & Doors LLC d/b/a Pella Windows and Doors (herein after "DHD") was a Delaware limited liability company organized and existing under the laws of the State of Delaware and doing business at 220 Monroe Turnpike, Monroe, CT 06468.

3. The plaintiff's date of birth is March 8, 1961.

4. The plaintiff was first employed by the defendant, DHD in April of 2016.

5. The defendant employs more than 100 employees at its Monroe location.

6. The plaintiff was a sales representative at DHD.

KERNAN, SCULLY & McDONALD, LLP ATTORNEYS AT LAW
P.O. BOX 2156 • WATERBURY, CONNECTICUT 06722 • (203) 756-8961 • JURIS NO. 030960 • FAX (203) 754-2353

7. The plaintiff earned $40,988 a year and worked 40-50 hours a week when he was terminated on May 27, 2017.

8. The plaintiff's duties consisted of making phone calls, following sales leads, inspecting property and selling products to customers.

9. The plaintiff's managers were Gary Minor and Aidan Curtain.

10. The plaintiff was able to do his job; make phone calls, follow sales leads, inspect property and sell the defendant's products.

11. On or about May 27, 2017, the plaintiff was terminated due to his age and temporary disability.

12. There was no valid basis for the plaintiff's termination.

13. The defendant's intent was to replace the plaintiff because of his age and temporary disability.

14. The plaintiff was terminated and discriminated due to his age and temporary disability.

15. The plaintiff was replaced with younger employees and with employees who did not have disabilities.

16. The plaintiff, David Horwath, has been unlawfully discriminated by the defendant, DHD, its agents, servants, and/or employees on the basis of his age and temporary disability in

violation of Connecticut General Statutes §46a-60a(1), 29 U.S.C. 621-634 and 42 U.S.C. 12101 et seq.

17. As a result of the defendant, DHD, its agents, servants and/or employees illegal and discriminatory conduct, the plaintiff has suffered substantial damages including, but not limited to loss of wages, loss of benefits, and emotional distress.

18. A claim was timely filed with the Connecticut Commission on Human Rights & Opportunities (CHRO Case Number 1830166) and Equal Employment Opportunities Commission (EEOC Case Number 16A-2018-00119).

19. On May 17, 2018 the Commission of Human Rights and Opportunities released its jurisdiction over this matter as evidence by Exhibit A attached hereto.

20 On May 31, 2018 the Equal Opportunities Commission released its jurisdiction over this matter as evidenced by Exhibit B attached hereto.

WHEREFORE, the plaintiff seeks:

1. Compensatory damages;

2. Punitive damages;

3. Attorney's fees and costs pursuant to Connecticut General Statute § 46a-104;

4. Costs;

5. Interest;

6.  Money damages pursuant to C.G.S. §46a-60(a)(1) and 46a-58(a) and 42 U.S.C. 2000 e-2;

7.  Such other relief as the Court deems fair and equitable.

Dated at Waterbury, Connecticut this 10th day of July, 2018.

_____
David J. Scully
Commissioner of the Superior Court

| | | |
|---|---|---|
| RETURN DATE: AUGUST 14, 2018 | : | SUPERIOR COURT |
| DAVID HORWATH | : | J.D. WATERBURY |
| VS. | : | AT WATERBURY |
| DHD WINDOWS AND DOORS LLC D/B/A PELLA WINDOWS AND DOORS | : | JULY 10, 2018 |

**AMOUNT IN DEMAND**

The plaintiff hereby sets forth that the amount in demand is greater than $15,000.00 exclusive of interest and costs.

PLAINTIFF,
DAVID HORWATH

BY /s/ David J. Scully
David J. Scully, Esq.
Kernan, Scully & McDonald, LLP
P.O. Box 2156
Waterbury, CT 06722
(203) 756-8961
Juris No. 30960

KERNAN, SCULLY & McDONALD, LLP  ATTORNEYS AT LAW
P.O. BOX 2156 • WATERBURY, CONNECTICUT 06722 • (203) 756-8961 • JURIS NO. 030960 • FAX (203) 754-2353

EXHIBIT A
# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

David Horwath
**COMPLAINANT**

CHRO No. 1830166

vs.

EEOC No. pending

DHD, LLC dba Pella Windows and Doors
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** May 17, 2018

Tanya A. Hughes, Executive Director

Service:
Complainant:
Complainant's counsel: dscully@ksmlegal.com
Respondent:
Respondent's counsel: cdickinson@littler.com

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | David Horwath<br>298 Lakemere Drive<br>Southbury, CT 06488 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2018-00119 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]   Other *(briefly state)*    **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kenneth An*      May 31, 2018

Enclosures(s)     Feng K. An,<br>Area Office Director     *(Date Mailed)*

cc:

DHD LLC DBA PELLA WINDOWS     David J. Scully, Esq.
Patricia Porter Cfo     Kernan, Scully & McDonald, LLP
220 Monroe Tpk     207 Bank Street
Monroe, CT 06468     P.O. Box 2156
    Waterbury, CT 06722

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

STATE OF CONNECTICUT
                        SS: MONROE                        JULY 23, 2018
COUNTY OF FAIRFIELD

Then and there, by virtue hereof, in Monroe, on the 23rd day of July, 2018, per direction from the plaintiff's attorney, of the original Writ, Summons-Civil, Complaint, Amount in Demand, Exhibit A, Exhibit B, I made service on **DHD Windows and Doors LLC d/b/a Pella Windows and Doors**, the within named defendant, by leaving a true and attested copy of the original Writ, Summons-Civil, Complaint, Amount in Demand, Exhibit A, Exhibit B, with my doings thereon endorsed, with and in the hands of Pat Porter, Controller, person in charge and authorized to accept service for and on behalf of **DHD Windows and Doors LLC d/b/a Pella Windows and Doors**, at 220 Monroe Turnpike, Monroe, Connecticut, the within named defendant.

And afterwards, in Hartford (County of Hartford), on the 24th day of July, 2018, by virtue of first service in Fairfield County, per direction from the plaintiff's attorney, I made service on **Connecticut Commission on Human Rights & Opportunities,** *a non-party to be served in accordance with the requirements of the Connecticut Fair Employment Practices Act*, by leaving a true and attested copy of the original Writ, Summons-Civil, Complaint, Amount in Demand, Exhibit A, Exhibit B, with my doings thereon endorsed, with and in the hands of Monica H. Richardson, person authorized to accept service for and on behalf of **The Connecticut Commission on Human Rights & Opportunities**, at 450 Columbus Boulevard, Suite 2, Hartford, Connecticut.

The within and foregoing is the original Writ, Summons-Civil, Complaint, Amount in Demand, Exhibit A, Exhibit B, with my doings hereon endorsed.

                                                     Attest:

                                                     */s/ Michael T. Copertino*
                                                     Michael T. Copertino
                                                     State Marshal
                                                     Fairfield County

Fees
Service        $  80.00
Travel             63.22
Pages            22.00
Endorsement    4.40
                $ 169.62

# EXHIBIT B

| | |
|---|---|
| DOCKET NO: UWY-CV18-6042410 | : |
| **DAVID HORWATH,** | : |
| | : J.D. OF WATERBURY |
| Plaintiff, | : |
| | : |
| v. | : AT WATERBURY |
| | : |
| **DHD WINDOWS AND DOORS, LLC** | : |
| **D/B/A PELLA WINDOWS AND DOORS,** | : |
| | : AUGUST 21, 2018 |
| Defendant. | : |

<u>**NOTICE TO SUPERIOR COURT OF FILING**</u>
<u>**OF NOTICE OF REMOVAL**</u>

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant DHD Windows and Doors, LLC d/b/a Pella Windows and Doors, today filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as <u>Exhibit A</u>.

This Notice to Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

>THE DEFENDANT
>DHD WINDOWS AND DOORS, LLC
>D/B/A PELLA WINDOWS AND DOORS
>
>*/s/ Maura A. Mastrony*
>Craig T. Dickinson
>Maura A. Mastrony
>LITTLER MENDELSON, P.C.
>One Century Tower
>265 Church Street, Suite 300
>New Haven, CT  06510
>Telephone: 203.974.8700
>Facsimile: 203.974.8799
>cdickinson@littler.com
>mmastrony@littler.com
>
>**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.


*/s/ Maura A. Mastrony*
Maura A. Mastrony  (CT27787)